**STATE OF THE NETHERLANDS v. FEDERAL RESERVE BANK OF NEW YORK et al.**

**Civ. No. 45–555.**

United States District Court
S. D. New York.

Sept. 30, 1948.

Sullivan & Cromwell, of New York City (Joseph L. Broderick, of New York City, of counsel), for plaintiff.

John F. X. McGohey, of New York City, for defendant, Federal Reserve Bank of New York.

Gustave A. Gerber, of New York City, for interpleaded defendant, Verdun J. Archimedes.

MEDINA, District Judge.

Because of the importance of the questions involved and the likelihood of the commencement of a number of similar actions to replevy securities claimed to have been looted by the Germans during their occupation of Holland in World War II, plaintiff has made this motion, in form to attack the first defense of the interpleaded defendant Archimedes that the complaint fails to state a claim for relief, but really in order to obtain a ruling that the complaint is sufficient on its face and that the facts if proved will make out a prima facie case. The decree of expropriation of the Netherlands Government in exile has already been held valid and effective by the Court of Appeals of the State of New York, Anderson v. N. V. Transandine Handelmaatschappij, 1942, 289 N.Y. 9, 43 N.E.2d 502, which gave effect to the Suggestion of the Interest of the United States in the Matter in Litigation. In that case nothing appeared to indicate that the expropriation decree in any way offended the policy of the United States or the policy of the State of New York. It was accordingly by comity entitled to such effect as our courts might properly give. Oetjen v. Central Leather Co., 1918, 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726; Banco de Espana v. Federal Reserve Bank of New York, 2 Cir., 1940, 114 F.2d 438; Anderson v. N. V. Transandine Handelmaatschappij, 1942, 289 N.Y. 9, 43 N.E.2d 502, affirming Sup.1941, 28 N.Y.S.2d 547; Dougherty v. Equitable Life Assurance Society, 1934, 266 N.Y. 71, 193 N.E. 897; see United States v. Pink, 1942, 315 U.S. 203, 245, 62 S.Ct.

552, 86 L.Ed. 796; United States v. Belmont, 1937, 301 U.S. 324, 333–337, 57 S.Ct. 758, 81 L.Ed. 1134. So here the complaint clearly states a claim for relief, as the expropriation decree vests title in the Netherlands Government which is by its terms the owner and hence by comity is entitled to maintain this action. That a replevin action is appropriate under the circumstances is not open to doubt nor has any such doubt been suggested.

At the trial other questions will necessarily arise by reason of the allegations contained in the pleadings subsequent to the complaint. In so far as they involve determinations of policy and of law or fact, they are beyond the scope of the present motion.

Motion granted.

Settle order on notice.